USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Feb. 20, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,          :
                                   :
                                   :     **MEMORANDUM**
          -against-                :     **OPINION & ORDER**
                                   :     89 Cr. 31 (JFK)
RAMON CARO,                        :
               Defendant.          :
----------------------------------X

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Defendant Ramon Caro's ("Caro" or "Defendant") motion for the Court to reconsider its denial of a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Sections 1B1.10 and 3E1.1 of the United States Sentencing Guidelines. Caro argues that the Court should "adopt the rule of lenity" and grant him a two-point reduction in his offense level. For the reasons that follow, Defendant's motion is denied.

## I. Background

On December 8, 1989, a jury found Caro guilty of conspiracy to violate the narcotics laws of the United States, in violation of 21 U.S.C. § 846, and of maintaining a facility to distribute narcotics, in violation of 21 U.S.C. § 856. On appeal, the Second Circuit affirmed the conviction and sentence. United States v. Caro, 923 F.2d 845 (2d Cir. 1990).

## II. Legal Standard

A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citing Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)). On a motion for reconsideration, the movant may not relitigate issues already decided by the Court, but rather must demonstrate that "the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam) (citation and internal quotation marks omitted). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Cordero v. Astrue, 574 F. Supp. 2d 373, 379-80 (S.D.N.Y. 2008) (quoting Virgin Atl. Airways. Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and internal quotation marks omitted)).

## III. Application

Caro's motion for reconsideration is denied because he points to no legal or factual matters that the Court overlooked in its decision of August 20, 2012. The Court's decision, which

2

Caro asks the Court to reconsider, focused on Amendment 750 to the United States Sentencing Guidelines. The Court determined that the evidence adduced at trial indicated that Caro was responsible for the distribution of 248.6 grams of cocaine base and 49.9 grams of cocaine. Because the conspiracy involved the distribution of more than 75 kilograms of cocaine or cocaine base, the Guidelines range was unchanged by Amendment 750. Nevertheless, Caro attempts to relitigate the same argument without raising any intervening change in controlling law, new evidence, or clear error in the Court's prior decision. See Cordero, 574 F. Supp. 2d at 379-80.

As the Court found on page nine of its August 20, 2012 opinion,

> . . . Caro is ineligible for a reduction in sentence under Amendment 750 to the Sentencing Guidelines. The current Sentencing Guidelines indicate that the appropriate base offense level for a conspiracy involving at least fifty kilograms but less than one hundred and fifty kilograms of cocaine is thirty-six, and that the appropriate base offense level for a conspiracy involving at least 2.8 kilograms but less than 8.4 kilograms of cocaine base is also thirty-six. Because the conspiracy with which Caro was charged involved the distribution of seventy-five kilograms of cocaine or cocaine base, the conspiracy necessarily involved the distribution of more than fifty kilograms of cocaine or more than 2.8 kilograms of cocaine base.

Indeed, despite the changes promulgated under Amendment 750, Caro's Guidelines range remains 360 months to life. U.S.S.G. Manual §§ 2D1.1(c)(4), 2D1.3.

3

For the foregoing reasons, Defendant's motion for reconsideration of the Court's September 20, 2012 denial of his motion for a reduced sentence is denied.

**SO ORDERED.**

Dated:   New York, New York
         February 19, 2013

*John F. Keenan*
JOHN F. KEENAN
United States District Judge